# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

MICHELLE ERDMANN,

               Plaintiff,

v.

PACKAGING CORPORATION OF AMERICA, FRED NETZ, ROBERT DEGARER, ALDRICK NORWOOD, BASANT AHLUWALIA, MARK ROMANIUK, and M. KOWLZAN,

               Defendants.

Case No. 19-CV-905-JPS

**ORDER**

      Plaintiff filed a *pro se* complaint for alleged retaliation and wrongful termination from her employment. (Docket #1). On June 24, 2019, the Court denied Plaintiff's motion for leave to proceed *in forma pauperis* because it lacked essential information necessary to determine if she qualified for that benefit. (Docket #3). The Court ordered Plaintiff to submit an amended motion by July 15, 2019. However, on July 1, 2019, the Court received a letter from Plaintiff including the information the Court had requested. (Docket #5). Though this does not quite comply with what the Court instructed Plaintiff to do, the Court will nevertheless consider the letter as Plaintiff's response to the Court's June 24 order. Upon review of Plaintiff's motion and her letter, the Court finds that Plaintiff may indeed proceed *in forma pauperis*. It will, therefore, reverse the denial of her motion. (Docket #2).

      Notwithstanding the payment of any filing fee, however, when a plaintiff asks leave to proceed *in forma pauperis*, the Court must screen the complaint and dismiss it or any portion thereof if it has raised claims that

are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [she] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary to plead specific facts; rather, the plaintiff's statement need only "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

Plaintiff alleges that Defendants violated her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"). Title VII

protects against workplace discrimination on the basis of one's race, color, gender, sex, religion, or national origin. Plaintiff does not clearly identify which of the classes she belongs to. Instead, she says that she engaged in some unspecified "protected activities." *See* (Docket #1-1 at 1). Plaintiff claims that Defendants learned of these "protected activities," and based upon them, did various things to make Plaintiff's work more onerous, and eventually fired her. *Id.* at 1–3.

Plaintiff may not proceed on her complaint as it is currently presented. First, she sues many defendants who cannot be liable under Title VII. The only proper defendant is Packaging Corporation of America. Plaintiff's individual supervisors cannot be sued under Title VII. *Sattar v. Motorola, Inc.*, 138 F.3d 1164, 1168 (7th Cir. 1998). Second, her vague assertions of engaging in "protected activity" do not bring her within the protections of Title VII. Plaintiff must clearly explain what protected class she falls within, what negative employment actions she suffered, and how those actions were directly connected to her membership in a protected class. In other words, merely being targeted with negative employment actions does not create a viable Title VII claim. Rather, the claim arises when the actions are based on impermissible motivations, such as an employee's race or gender.

The Court will afford Plaintiff an opportunity to amend her complaint to cure the deficiencies described in this Order. If she wishes to proceed, she must file an amended complaint on or before **August 2, 2019**. Failure to file an amended complaint within this time period will result in dismissal of this action. Civ. L. R. 41(c).

The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended

complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the Court of Appeals emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id.* at 1057 (citation omitted). If an amended complaint is received, the Court will screen it pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS ORDERED** that the Court's denial of Plaintiff's motion to *proceed in forma pauperis* (Docket #3) be and the same is hereby **VACATED** and the motion (Docket #2) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint in accordance with the terms of this Order on or before **August 2, 2019**, or this action will be dismissed without prejudice for her failure to prosecute it.

Dated at Milwaukee, Wisconsin, this 12th day of July, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge