# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MICHELLE ERDMANN,

            Plaintiff,

v.

PACKAGING CORPORATION OF AMERICA, FRED NETZ, ROBERT DEGARER, ALDRICK NORWOOD, BASANT AHLUWALIA, MARK ROMANIUK, and MARK KOWLZAN,

            Defendants.

Case No. 19-CV-905-JPS

**ORDER**

Pursuant to the Court's order of August 9, 2019, Plaintiff has now filed a complete amended complaint containing all of her allegations against Defendants. (Docket #9). The amended complaint explains that Plaintiff wishes to proceed on a claim of retaliation by Defendants, her former employers, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"). (Docket #9-1 at 1-2). Plaintiff states that Defendants imposed unequal working conditions upon her, and eventually terminated her, once they learned of an ongoing charge of discrimination she filed with the EEOC in relation to a prior employer. *Id.* Plaintiff may proceed on this claim against Defendant Packaging Corporation of America. *See* 42 U.S.C. § 2000e-3(a).[1] As explained in the Court's prior

---

[1] Though it was unclear in her prior submissions, the amended complaint confirms that Plaintiff does not contend that Defendants discriminated against her on the basis of her membership in any protected class, such as race or sex. Rather, the sole basis for their alleged retaliation is her prior charge of discrimination against a different employer.

screening order, Plaintiff may not proceed against the individual defendants, her former supervisors, who are not amenable to suit under Title VII. *Sattar v. Motorola, Inc.*, 138 F.3d 1164, 1168 (7th Cir. 1998).

Federal Rule of Civil Procedure 4(c)(3) provides that the Court must order service by the U.S. Marshal if a plaintiff is authorized, as she is in this case, to proceed *in forma pauperis* under 28 U.S.C. § 1915. *See Williams v. Werlinger*, 795 F.3d 759, 760 (7th Cir. 2015). However, Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. Thus, the Court will allow Plaintiff to elect, within fourteen days, whether she desires service by the U.S. Marshal or whether she will obtain service of her own accord. If Plaintiff wants to effect service herself, she should simultaneously file a request for the Clerk of the Court to issue a service packet to her.

Accordingly,

**IT IS ORDERED** that Defendants Fred Netz, Robert Degarer, Aldrick Norwood, Basant Ahluwalia, Mark Romaniuk, and Mark Kowlzan be and the same are hereby **DISMISSED** from this action; and

**IT IS FURTHER ORDERED** that Plaintiff shall file, within fourteen days, a notice indicating which method of service she desires.

Dated at Milwaukee, Wisconsin, this 30th day of August, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge