UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MICHELLE ERDMANN,<br><br>      Plaintiff,<br><br>v.<br><br>PACKAGING CORPORATION OF AMERICA,<br><br>      Defendant. | Case No. 19-CV-905-JPS<br><br>**ORDER** |

  This is an employment discrimination case that commenced on June 19, 2019. (Docket #1). On August 20, 2019, Michelle Erdmann, ("Plaintiff"), filed an amended complaint alleging violations of 42 U.S.C. § 2000e *et seq.* ("Title VII") against her former employer, Packaging Corporation of America ("Defendant") and several supervisors. (Docket #9). In both the initially filed complaint and the amended complaint, Plaintiff included a Notice of Right to Sue letter dated May 13, 2019, which explained that she had 90 days from the date of the Notice to file a lawsuit. (Docket #1-1 at 4; Docket #9-1 at 6).

  The Court screened the amended complaint and permitted Plaintiff to move forward on her Title VII claim. (Docket #10). After several unreasonable delays, on December 16, 2019, Plaintiff filed a motion seeking to adjourn the proceedings and dismiss the case without prejudice so that she could secure counsel. (Docket #30). Defendant did not object to the dismissal, so the Court entered an order dismissing the case without prejudice. (Docket #32).

Ten months later, on October 19, 2020, Plaintiff filed a motion that essentially sought relief from the 90-days to file suit requirement until she could secure legal counsel. She explained that she had recently spoken to an attorney who gave her some guidance on the 90-day filing timeframe, and essentially told her that she had missed her opportunity to bring her case. Plaintiff says that she was "under the impression when [she] filed a Motion to Adjourn until [she] receive[d] legal counsel that it would be placed on hold until then." (Docket #33 at 1–2). She explained that she had some issues with her mail back in January 2020, and she may have missed the Court's Order dismissing the case without prejudice. Two months later, on December 16, 2020, Plaintiff filed another motion reiterating her request for relief from the 90-day filing timeframe, which Defendant opposed, (Docket #35, #36). On March 18, 2021, she wrote a letter to Chief Judge Pepper, explaining that she had tried to put her case "on hold" back in 2019, until she could find an attorney. (Docket #37).

Plaintiff's motions must be denied. First, Plaintiff had clear notice that she must file her lawsuit within 90 days of receiving the Notice of Right to Sue. The Notice of Right to Sue includes the following information on the first page:

> **- NOTICE OF SUIT RIGHTS -**
> *(See the additional information attached to this form.)*
>
> **Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

On the next page, the information appears again, at the top:

> **INFORMATION RELATED TO FILING SUIT**
> **UNDER THE LAWS ENFORCED BY THE EEOC**
>
> *(This information relates to filing suit in Federal or State court under Federal law.*
> *If you also plan to sue claiming violations of State law, please be aware that time limits and other*
> *provisions of State law may be shorter or more limited than those described below.)*
>
> **PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**
>
> In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

If the Notice of Right to Sue letter was postmarked the same day it was signed—i.e., May 13, 2019—then Plaintiff would have had until Monday, August 19, 2019, to file the complaint, give or take a few days depending on when she received the Notice. Consistent with this instruction, Plaintiff filed the first complaint on June 19, 2019. (Docket #1). Her amended complaint was filed on August 20, 2019, which was within the Court's previously ordered timeframe, and arguably still within the 90-day requirement. (Docket #8).

Once the lawsuit began, however, so did the delay tactics. On October 21, 2019, Plaintiff filed a motion to disqualify opposing counsel and a motion for an abeyance until the motion to disqualify could be decided. (Docket #18). The basis of her argument was that Defendant used the same counsel in a prior litigation against her. The Court denied the motion. (Docket #19). On October 31, 2019, Plaintiff failed to attend the scheduling conference that was previously noticed. (Docket #23). The Court ordered Plaintiff to show cause as to why the case should not be dismissed. (Docket #24).

On November 7, 2019, Plaintiff filed a response to the show cause order. (Docket #26). Plaintiff's submission, while timely, was filled with mundane excuses for tardiness in her case. *See* (Docket #27). Plaintiff reiterated arguments from her motion to disqualify counsel, which the Court again denied. (*Id.*). Although the Court found that the case could proceed, it warned Plaintiff that if she engaged in "any further delay tactics or refuse[d] to fully participate in the litigation process, this action [would] be summarily dismissed." (*Id.*)

In December 2019, Plaintiff filed a motion to adjourn the trial and dismiss the case without prejudice so that she could hire an attorney. (Docket #30). In other words, six months after she first filed the case, she decided to obtain counsel. Plaintiff did not file anything further with the Court until October 19, 2020. (Docket #33). As of March 2021, she still had not obtained counsel. *See* (Docket #37). It would appear that Plaintiff elected to circumvent the usual timeframes imposed upon litigants in order to find an attorney at her leisure.

The Court is mindful that federal litigation is an arduous and intense undertaking. It has endeavored to make the process manageable for Plaintiff by providing her with a detailed trial scheduling order, as well as relevant rules, forms, and guidance to assist in her litigation. (Docket #28). Instead of processing this information and working on her case, Plaintiff filed a motion to adjourn the trial and dismiss the case, and then never bothered to inquire with the Clerk of Court to see whether the motion had been granted or denied. Her recent submissions indicate that the first time she learned of the Court's December 27, 2019 Order approving the dismissal was in a meeting with a prospective attorney in October 2020. While Plaintiff may have had some frustrations with her post office box in January

2020, it was nevertheless incumbent on her to follow up with her submissions to the Court. Plaintiff's failure to litigate the case in good faith is but one reason why the Court must deny her most recent motions.

The other reason is simply the fact that the statute of limitations has run. As Defendant points out, a plaintiff must file a suit within 90 days of receiving the Notice of Right to Sue letter. 42 U.S.C. § 2000e-5(f)(1); 29 C.F.R. § 1614.407(a). "The filing of a suit stops the running of the statute of limitations, though only contingently." *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000) (addressing a statute of limitations issue arising from a Title VII case). If a lawsuit is later dismissed without prejudice, it "is treated for statute of limitations purposes as if it had never been filed. Were this not the rule, statutes of limitations would be easily nullified." (*Id.*) (citations omitted).

In other words, when a lawsuit is filed, it does not serve as a bookmark for a set of rights—it is the commencement of a vindication of those rights. To dismiss that lawsuit is to end the journey towards vindication. A plaintiff cannot simply file a case and then let it hang for months or even years while she better positions herself for the fight. To Plaintiff's argument that she needs more time to obtain counsel: her cause of action arose in September 2018—nearly three years ago. She has had a considerable amount of time to find counsel, but has not done so. Her requests that she be afforded still more time to prepare her case are, at this point, completely improper.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for an order to re-file needed documentation (Docket #33) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff's motion for an order to place case on hold (Docket #35) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 9th day of June, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge